UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

RODRIGUEZ D. JONES,

    Plaintiff,

v.                                               Case No. 5:10-cv-242-Oc-30AEP

SCOTT A. MIDDLEBROOKS, et al.,

    Defendants.

## ORDER OF DISMISSAL

Plaintiff initiated this *pro se* action by filing a Civil Rights Complaint pursuant to 28 U.S.C. § 1331 and Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics[1] (Doc. 1). It appears the Complaint seeks monetary damages in connection with a prison disciplinary conviction stemming from an April 2009 prison fight.

Pursuant to the Prison Litigation and Reform Act (PLRA), the Court is required to dismiss a case at any time if the Court determines that the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief.[2] The Court must liberally construe a *pro se* Plaintiff's allegations.[3]

---

[1] 403 U.S. 388 (1971).

[2] See 42 U.S.C. § 1997e.

[3] Haines v. Kerner, 404 U.S. 519 (1972); see also Miller v. Stanmore, 636 F.2d 986, 988 (5th Cir. 1981).

The Court concludes that this case must be dismissed without prejudice. In Heck v. Humphrey,[4] the Supreme Court held that:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus[.]

Heck, 512 U.S. at 487 (footnote omitted). Moreover, the Supreme Court stated that one reason for imposing such a requirement is to prevent a convicted criminal defendant from collaterally attacking his criminal conviction through a civil suit. Id. at 484.

In this case, it is clear that a decision favorable to the Plaintiff would necessarily imply the invalidity of his prison disciplinary conviction.[5] Plaintiff has not shown that his disciplinary conviction has been reversed on direct appeal, expunged by executive order, declared invalid by a tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus. Accordingly, at this time, Plaintiff has no chance of success on the merits of his Bivens claims.

---

[4] 512 U.S. 477 (1994).

[5] See, e.g., Jackson v. Vannoy, 49 F.3d 175, 177 (5th Cir. 1995).

## **Conclusion**

For the reasons stated herein, this case is **DISMISSED without prejudice**. The Clerk is directed to terminate any pending motions and close the file.

**DONE** and **ORDERED** in Tampa, Florida on December 7, 2010.

                                                JAMES S. MOODY, JR.
                                                UNITED STATES DISTRICT JUDGE

c: Rodriguez D. Jones